U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
10:00 A.M
June 25 2007
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV507-37 |
| | ) | |
| UNITED STATES CURRENCY TOTALING $33,160.00, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is the United States of America's Motion for Summary Judgment. (Doc. 10.) The Government brought the above-captioned civil forfeiture case against the Defendant, United States Currency totaling $33,160.00. Although Johnny D. Grady, a claimant to the currency, is represented by counsel and filed an answer to the Complaint, Grady has not responded to the Government's Motion for Summary Judgment. Because there are no genuine issues of material fact in dispute, the Motion is **GRANTED**.

### BACKGROUND

On October 25, 2006, Clinch County Deputy Sandy Foster attempted to pull Grady over for speeding on Highway 441 North. Grady drove away at a high rate of speed. A chase ensued, and Grady was apprehended by officials from the Sheriffs' Departments of Clinch and Atkinson Counties. The law enforcement officials

1

seized one kilogram of cocaine and $33,160.00 in currency from Grady's person, Grady's truck, and the surrounding area.

On November 19, 2007, after a one day trial before this Court in Waycross, Georgia, a jury convicted Grady of possession of cocaine with intent to distribute.

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In an action such as this, which is governed by the Civil Asset Forfeiture Act, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1) (2008). The burden then shifts to the claimant either to refute the government's showing or to prove a defense to forfeiture by a preponderance of the evidence. United States v. Carrell, 252 F.3d 1193, 1201 (11th Cir. 2001); 18 U.S.C. § 983(d) (2008).

At the summary judgment stage, the Court may consider all the evidence adduced by the government that the property is forfeitable based on a connection with drug distribution. See 18 U.S.C. § 983(c)(2); 21 U.S.C. § 881(a)(6); United States v. Two Parcels of

Real Prop. Located in Russell County, 92 F.3d 1123, 1128 (11th Cir. 1996). The Court looks to the totality of the circumstances to determine whether the government has met its burden. United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars, 403 F.3d 448, 467 (7th Cir. 2005). In weighing the totality of the circumstances, courts consider, among other factors, whether drugs were found, the quantity of currency involved, the manner of packaging the currency, evasive driving, and any attempt to flee when approached by police. See Two Parcels of Real Prop., 92 F.3d at 1128; United States v. $22,991.00, More or Less, in United States Currency, 227 F. Supp. 2d 1220, 1232-35 (S.D. Ala. 2002).

In this case, the Government has met its burden of showing that the seized currency is subject to forfeiture. Grady attempted to elude capture when Deputy Foster tried to pull him over. The amount of currency recovered was substantial -- $33,160.00. Of that amount, more than $23,000 in cash was found on Grady's person. Nearby, a large quantity of cocaine was recovered, and Grady's underlying criminal conviction supports forfeiture. United States v. One Single Family Residence Located at 18755 North Bay Road, 13 F.3d 1493, 1499 (11th Cir. 1994). Finally, Grady has not responded to the Government's summary judgment motion.

Accordingly, the Government is entitled to judgment as a

matter of law and the Motion for Summary Judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order and to **CLOSE** this case.

SO ORDERED this 25th day of June, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA